No. 18,323.

CHARLES V. YOUNG, ET AL. *v.* LORETTA M. BURKE, ADMINISTRATRIX.
(338 P. [2d] 284)

Decided April 27, 1959.

Mr. PAUL SNYDER, for plaintiffs in error.

Messrs. TRUITT & ELSNER, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS action was originally commenced as an attachment suit in the district court of Elbert County for services rendered to an elderly man and his wife over a period of five years. The wife had died prior to the commencement of the action. No claim was made against her estate. The action was commenced during the life of John Sahm who died before the cause could be tried. The defendant in error Loretta M. Burke as administratrix of the estate of John Sahm, was substituted as party defendant.

Plaintiffs in error were plaintiffs in the lower court and will be referred to as such. Defendant in error will be referred to as administratrix.

One of the assignments of error by plaintiffs is that the court erred in excluding testimony of Rev. Bollinger of the value of meals furnished. The only other assignment is that the judgment of the court was erroneous.

██ Plaintiffs offered to establish the value of meals furnished to decedents by calling Rev. Bollinger, a minister in the area, who had observed the preparation of some of the meals and had seen the quality and quantity of the food when he was in the house. The administratrix objected to his testimony on the ground that the witness had not been qualified as an expert, and the court sustained the objection. The law is clear that a non-expert witness can testify as to common, ordinary things within the realm and knowledge of the average layman. Experts are called in only when the subject is related to some service, profession, business or occupation beyond the knowledge of the average layman. Wig-

more on Evidence (3rd ed.), vol. 3, §712, states the rule thusly:

"The general tendency of the Courts, however, is towards a broad principle that *no special training or occupation is necessary to enable one to estimate values.*"

With reference to services, the author continues at §715:

"The general test, to be gathered from the rulings, is that *anyone sufficiently familiar* with the commercial value of such services may testify."

■ It would seem that under the generally accepted rule, the court, when sitting as a trier of the facts, or a jury, is the final judge of the weight and credibility of the witnesses, including expert witnesses; either the court or a jury by general knowledge could judge the worth of any layman's testimony in this category.

An assignment of cross error by the administratrix is: "Both plaintiffs were prohibited from testifying of their own motion because of the 'Dead Man's Statute.'"

The Colorado statute, C.R.S. '53, 153-1-2, pertaining to witnesses in cases wherein an administrator of an estate is defendant follows (language not pertinent here is omitted):

"*No party* to any civil action, suit or proceeding, or *person directly interested* in the event thereof, shall be allowed to testify therein, of his own motion, or in his *own behalf,* by virtue of section 153-1-1, when any *adverse party* sues or *defends as* * * * administrator, * * * of any deceased person, * * * unless when called as a witness by such adverse party so suing or defending, and except in the following cases: * * *." (Emphasis supplied.)

The seven exceptions are not material to this case.

■ The applicability of this statute in the instant case is so patent, the language of the statute so clear and unambiguous, and the decisions of this court with reference thereto so numerous that it is wholly unnecessary

to cite authority for the proposition that it was error to permit plaintiffs to testify on behalf of themselves.

The judgment is reversed and the cause remanded to the trial court for a new trial consistent with the views herein expressed.

MR. JUSTICE SUTTON does not participate.